**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>  Plaintiff,<br><br> v.<br><br>GODFRY, *et al.*,<br><br>  Defendants. | Case No. 1:25-cv-00728-KES-BAM (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE<br><br>(ECF No. 6)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 7)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.

On June 18, 2025, the Court issued an order directing Plaintiff to submit a completed application to proceed *in forma pauperis* or pay the $405.00 filing fee to proceed with this action. (ECF No. 3.) Following Plaintiff's failure to respond or otherwise comply with the Court's order, on August 4, 2025, the Court issued findings and recommendations to dismiss this action, without prejudice, for failure to obey a court order and for Plaintiff's failure to prosecute. (ECF No. 6.)

1

On August 11, 2025, Plaintiff filed motion to proceed *in forma pauperis*. (ECF No. 7.) Based on that filing, the Court finds it appropriate to vacate the August 4, 2025 findings and recommendations and address the motion to proceed *in forma pauperis*.

## II.     Plaintiff Has Accumulated Three "Strikes" Pursuant to 28 U.S.C. § 1915(g)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

## III.    Plaintiff Fails to Satisfy the Imminent Danger Exception

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) *Hammler v. Director of CDCR*, Case No. 1:17-cv-00097-NJV (N.D. Cal.) (dismissed on April 27, 2017 for failure to file an amended complaint following a screening order dismissing complaint for failure to state a claim); (2) *Hammler v. Kernan*, Case No. 3:18-cv-01170-DMS-NLS (S.D. Cal.) (dismissed on May 17, 2019 for failure to state a claim and as frivolous); (3) *Hammler v. Hudson*, Case No. 2:16-cv-01153-JAM-EFB (E.D. Cal.) (dismissed on May 17, 2019 for failure to exhaust clear from the face of the complaint and attachments thereto); (4) *Hammler v. Hough*, Case No. 3:18-cv-01319-LAB-BLM (S.D. Cal.) (dismissed on May 24, 2019 for failure to state a claim and as frivolous); (5) *Hammler v. Director of CDCR*, Case No. 2:17-cv-01949-MCE-DB (E.D. Cal.) (dismissed on March 25, 2020 as frivolous); (6) *Hammler v. Peterson*, Case No. 2:19-cv-00524-MCE-CKD (E.D. Cal.) (dismissed on May 5, 2020 for failure to state a claim); (7) *Hammler v. Baugham*, Case No. 2:19-cv-00245-TLN-CKD (E.D. Cal.) (dismissed on June 4, 2020 for failure to state a claim); (8) *Hammler v. Oliveira*, Case No. 1:19-cv-00417-DAD-JLT (E.D. Cal.) (dismissed on June 4, 2020 for failure to state a claim); (9) *Hammler v. State of Cal.*, Case No. 1:20-cv-00630-DAD-GSA (E.D. Cal.) (dismissed on October 30, 2020 for failure to exhaust clear from the face of the complaint); and (10) *Hammler v. Katz*, Case No. 2:19-cv-00467-TLN-CKD (E.D. Cal.) (dismissed on January 15, 2021 for failure to state a claim). *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1044 (9th Cir. 2016) (complaint may be subject to dismissal for failure to state a claim where failure to exhaust is clear from the face of the complaint); *Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim.") (citing *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016)) (internal quotations omitted).

The Court also takes judicial notice of the following United States Court of Appeals cases: (1) *Hammler v. Hough*, Case No. 19-55732 (9th Cir.) (dismissed on January 9, 2020 as frivolous); and (2) *Hammler v. Peterson*, Case No. 20-16093 (9th Cir.) (dismissed on February 22, 2021 as frivolous).

the imminent danger exception to section 1915(g).[2]

**A. Summary of the Complaint**

In his complaint, Plaintiff names Defendants Godfry, Rodriguez, and Lopez, correctional officers at Kern Valley State Prison ("KVSP") (ECF No. 1 at 3.) Plaintiff alleges that he was transferred to KVSP on April 12, 2024, "due to his having witnessed a murder and safety concerns being engendered fore C/O(s) being called participants in the murder." (*Id.* at 5.) Plaintiff further alleges that on April 17, 2024, he was a mental patient at the CCCMS level of care, and he was housed in the mental health unit at KVSP. Plaintiff's complaint concerns events that occurred at KVSP on April 17, 2024, involving Defendants Godfry, Rodriguez, and Lopez, and events that occurred at KVSP on June 18, 2024, involving correctional officer Soto. Plaintiff alleges that he was transferred out of KVSP on or about July 1, 2024, but is scheduled to be returned to KVSP. (*Id.* at 2, 10-11.) At the time the complaint was filed, Plaintiff was housed at California State Prison, Los Angeles County, in Lancaster, California, where he currently remains housed.

Events of April 17, 2024

Plaintiff alleges that having been experiencing anxiety, he was on one-to-one observation, where a correctional office is seated before an inmate's cell door to maintain a constant watch over the inmate to ensure that the inmate does not engage in self-harm. (ECF No. 1 at 5.) On April 17, 2024, Defendant Rodriguez, a female correctional officer, was assigned to keep watch over Plaintiff. (ECF No. 1 at 6.) At about 1:45 p.m., Defendant Godfry approached the cell, not wearing the mandated name tag and with his body watch camera off in violation of CDCR policies. Plaintiff was in bed resting and heard Defendant Godfry making what sounded like sexual advances. Plaintiff got up and went to the cell door. Defendant Godfry, who Plaintiff could not identify at that time, looked at Plaintiff and stated, "Are you suicidal?" Plaintiff asked Defendant Godfry to turn on his body watch camera. Defendant Godfry ignored the request, and Plaintiff asked, "Who are you?" (*Id.* at 6-7.) Defendant Godfry told Plaintiff, "I'm gonna be here

---

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

3

on 3rd (3rd Watch) and the chest pains [expletive] aint happening." (*Id.* at 7.) Plaintiff told him something along the lines of "your trying to show off for her (Rodriguez) no-one give a [expletive] about you." (*Id.*) Defendant Godfry then told Plaintiff, "Are you gonna come out for shower?" (*Id.*) Plaintiff responded, "Yeah." (*Id.*) Defendant Godfry then yelled, "I'm gonna get your ass," and slammed his fist against the wall in a rage. (*Id.*) He then turned to walk off, but turned back and told Defendant Rodriguez, "Come on!" (*Id.*) Defendant Rodriguez followed, allegedly neglecting her duty to remain with Plaintiff until he had been evaluated by an on-call psychologist. Plaintiff further alleges that Defendant Rodriguez, knowing that Defendant Godfry was violating CDCR policies, intentionally stood with her body watch camera lens facing away from Defendant Godfry and Plaintiff "in the pattern that [correctional officers] at KVSP act to cover for coworkers when acts of overt violence are being committed." (*Id.* at 7-8.) Once left alone, Plaintiff made contact with Defendant Lopez as he was completing a mandated security check. Plaintiff told Defendant Lopez what had occurred and that Defendant Rodriguez, in leaving him alone, was violating policies. Defendant Lopez responded, "If they left you then why should I stay." (*Id.* at 8.) Plaintiff alleges that, being left alone, he "suffered severe anxiety, and [extreme] fear believing that Godfry with others would return at any time/moment and kill him, as [correctional officers] had tried on prior instance via fracturing his skull, three ribs and bruising a left lung, then hiding him and his injuries for days seeking to cover it all up." (*Id.* at 9.) A short time later, Plaintiff stopped another correctional officer walking by and informed him of the events. Another correctional officer was radioed for and medical summoned, "but for fear of being attacked by Godfry and others Plaintiff refused to exit the cell where he knew Godfry and others would join the escort and harm him under code of silence." (*Id.*)

Events of June 18, 2025

Plaintiff alleges that correctional officer Soto, "who has sought to employ other [inmates] to assault Plaintiff and had been reprimanded for it," saw Plaintiff on a transport van going out to Court and was recorded telling Plaintiff, "Oh yeah your the bitch I've been looking for." (ECF No. 1 at 10.) Another correctional officer standing behind Soto and hearing him told Soto, "That's the reason we have cameras now Dudes doing shit like that." (*Id.*) Plaintiff claims that

4

1  "Soto and all others are still left there at KVSP to be a real danger to Plaintiff." (*Id.*)

2  Plaintiff alleges that on or about July 1, 2024, he transferred out of KVSP to "remove[]
3  him from facility with Godfry and others whom were found to have retaliated against Plaintiff
4  and believed would not stop others from pursuing that retaliatory course." (ECF No. 1 at 10-11.)
5  However, "now Plaintiff is scheduled to be sent back to KVSP, where Godfry and others remain
6  a[n] imminent threat, in ongoing manner." (*Id.* at 11.)

7  **B. Legal Standard**

8  The availability of the imminent danger exception "turns on the conditions a prisoner
9  faced at the time the complaint was filed, not at some earlier or later time." *Andrews v.*
10 *Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  "Imminent danger of serious physical injury
11 must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*,
12 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  To meet his burden under § 1915(g), Plaintiff
13 must provide "specific fact allegations of ongoing serious physical injury, or a pattern of
14 misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*,
15 319 F.3d 1048, 1050 (8th Cir. 2003).  "[V]ague and utterly conclusory assertions" of imminent
16 danger are insufficient.  *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).

17 Furthermore, "in order to qualify for the § 1915(g) imminent danger exception, a three-
18 strikes prisoner must allege imminent danger of serious physical injury that is both fairly
19 traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*,
20 31 F.4th 692, 701 (9th Cir. 2022).

21 **C. Discussion**

22 Plaintiff's complaint was filed on June 16, 2025, while he was housed at California State
23 Prison, Los Angeles County.  (ECF No. 1 at 2.)   As such, none of the allegations related to events
24 that occurred while Plaintiff was housed at KVSP, from approximately April 2024 through July
25 2024, are sufficient to meet the imminent danger exception at the time the complaint was filed.
26 *Andrews* 493 F.3d at 1053.  At the time of filing, Plaintiff was no longer housed at the institution
27 where the alleged violations occurred.

28 To the extent Plaintiff alleges imminent danger because he "is scheduled to be returned to

KVSP," this is insufficient to satisfy the imminent danger exception. Although Plaintiff claims he is "scheduled to be sent back to KVSP, where Godfry and others remain a[n] imminent threat, in ongoing manner" (ECF No. 1 at 11), he does not specify when any transfer is expected, nor does he identify a date of transfer. Further, allegations regarding Defendant Godfry's conduct (or any other KVSP officer's conduct) more than one year ago and its connection to any future harm at KVSP are too speculative or conclusory to demonstrate an ongoing or imminent danger of serious physical injury. While the Court takes Plaintiff's well-pleaded factual allegations as true, the Court is not required to accept Plaintiff's conclusory statement that an unspecified future transfer to KVSP places him in "imminent danger." The Court finds that Plaintiff's conclusory allegation of possible future harm is insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g).

Based on the above, the Court finds that Plaintiff has not alleged any imminent danger of serious physical injury at the time of filing and has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g). Plaintiff must pay the $405.00 filing fee if he wishes to litigate this action.

## III.     Conclusion

Accordingly, the Findings and Recommendations issued on August 4, 2025 (ECF No. 6) are HEREBY VACATED.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No.7), be DENIED, pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff be ORDERED to pay the $405.00 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed**

**fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 18, 2025**                    /s/ Barbara A. McAuliffe
                                                UNITED STATES MAGISTRATE JUDGE